UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3-24-bk-1283-JAB

IN RE:       DONALD GILPIN JR.
              Debtor(s)

## SIXTH AMENDED CHAPTER 13 PLAN

**A.    NOTICES.**

**Debtor [1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included", if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.**

| | Included | Not Included |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5 (d) and (e). A separate motion will be filed. | | X |
| Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest under 11 U.S.C §522 (f). A separate motion will be filed. See section C.5(e). | | X |
| Provisions for student loan(s), set out in Section E. | | X |
| Nonstandard provisions, set out in Section E. | X | |
| THIS AMENDED PLAN PROVIDES FOR PAYMENTS TO CREDITOR/LESSOR (Name of secured creditor/lessor) TO BE INCLUDED IN PLAN PAYMENTS; THE AUTOMATIC STAY IS REINSTATED AS TO THIS CREDITOR. | | X |

NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION 5(i) OF THIS PLAN, TO SURRENDER THE SECURED

CREDITOR'S COLLATARAL UNDER SECTION 5(j), OR TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION 5(k), THE AUTOMATIC STAY DOES NOT APPLY AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.

SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL

**B.** **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the Plan and may cause an increased distribution to the unsecured class of creditors:

1. $1,787.03 from months 1 through 8.
2. $1,868.34 from months 9 through 10.
3. $2,384.74 from months 11 through 60.

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**C.** **PROPOSED DISTRIBUTIONS.**

1. **ADMINISTRATIVE ATTORNEY'S FEES.**

Base Fee $5,500 Total Paid Prepetition $1,000 Balance Due $4,500.

MMM Fee $_____ Total Paid Prepetition $_____ Balance Due $_____

Estimated Monitoring Fee: $50/month. (After Confirmation)

Attorney's Fees Payable through Plan at $1,500 Monthly (subject to adjustment) for months 1 through 3.

**2.** **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11U.S.C. §101 (14A).**

| Creditor (+ Last 4 digits of Acct. No.) | Total Claim Amount |
|---|---|

**3.** **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Creditor (+ Last 4 digits of Acct No.) | Total Claim Amount |
|---|---|

4.      **TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.


5.      **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under §501(c), and no objection to the claim is pending. If Debtor's Plan Payments are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

(a)      **Claims Secured by Debtor's Principal Residence that Debtor Intends to Retain-Mortgage, HOA and Condominium Association Assessments and Arrears, if any, Paid Through the Plan Under 11 U.S.C. §1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's principal residence. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents.    Postpetition ongoing homeowner's association and condominium association assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Creditor (+Last 4 Digits of Acct No.) | Collateral Address | Regular Monthly Payment | Arrears |
|---|---|---|---|
| | | | |

(b) **Claims Secured by other Real Property that Debtor Intends to Retain – Mortgage, HOA and Condominium Association Assessments and Arrears, if any, Paid Through the Plan Under 11 U.S. C. § 1322(b)(5).** Debtor will cure prepetition arrearages and maintain regular monthly postpetition payments on the following claims secured by Debtor's real property. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims. Postpetition mortgage payments must be included in the Plan Payments. Mortgage payments are due on the first payment due date after the case is filed and continue monthly thereafter. The amount of postpetition mortgage payments may be adjusted as provided for under the loan documents.    Postpetition ongoing homeowner's association and condominium association

assessments may be included in the Plan or may be paid direct. If Debtor intends to pay postpetition assessments through the Plan, list the Regular Monthly Payment. If Debtor intends to pay postpetition assessments direct, state "Direct" in the Regular Monthly Payment column.

| Creditor (+Last 4 Digits Of Acct. No.) | Collateral Address | Regular Monthly Payment | Arrears |
|---|---|---|---|
| | | | |

(c) **Claims Secured by Real Property – Debtor Seeks Mortgage Modification Mediation (MMM). No later than 90 days from the petition date or the date the case converts to Chapter 13, Debtor shall file a motion seeking MMM. Information and forms related to MMM are available in the Court's procedure manual on the Court's website, www.flmb.uscourts.gov.** Pending the resolution of the MMM, the Plan Payments shall include the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner's association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property. Notwithstanding the foregoing, the adequate protection payment must be no less than the amount sufficient to pay (1) homeowner's association fees, and (2) 1/12 of the annual ad valorem property taxes and annual homeowner's insurance premium. If Debtor obtains a modification of the mortgage, the modified payments shall be included in the Plan Payments. Debtor will not receive a discharge of personal liability on these claims.

| Creditor (+Last 4 Digits of Acct No.) | Collateral Address | Adequate Protection Payment |
|---|---|---|
| | | |

(d) **Claims Secured by Real Property or Personal Property to Which 11 U.S. C. § 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322(b) (2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** Payment on the secured portion of the claim, estimated below, is included in the Plan Payments. Unless otherwise stated in Section E, the Plan Payments do not include payments for escrowed property taxes or insurance.

| Creditor (+Last 4 Digits Of Acct. No.) | Collateral Description/ Address | Claim Amount | Value | Payment Through Plan | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |

(e) **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. §506.** Debtor must file a separate motion under 11 U.S.C. § 522 to avoid a judicial lien or a

4

nonpossessory, nonpurchase money security interest because it impairs an exemption or under 11 U.S.C.§ 506 to determine secured status and to strip a lien.

| Creditor (+Last 4 Digits of Acct No.) | Collateral Description/ Address |
|---|---|

(f)     **Payments on Claims Secured by Real Property and/or Personal Property to Which 11 U.S.C. § Section 506 Valuation DOES NOT APPLY Under The Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for Debtor's personal use; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

| Creditor (+Last 4 Digits Of Acct. No.) | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|

(g)     **Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2) and § 1322(c)(2) (for claims secured by Debtor's principal residence that mature during the Plan).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

| Creditor (+Last 4 Digits Of Acct No.) | Collateral Description/ Address | Claim Amount | Payment Through Plan | Interest Rate |
|---|---|---|---|---|

(h)     **Claims Secured by Personal Property- Maintaining Regular Payments and Curing Arrearages, if any, Under 11 U.S.C. § 1325(b)(5).** Under 11 U.S.C. § 1328(a)(1), unless the principal amount of the claim is paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Creditor (+Last 4 Digits Of Acct No.) | Collateral Description | Regular Contractual Payment | Arrearage |
|---|---|---|---|

(i) **Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in*

*personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate of abrogate Debtor's state law contract rights. Because these secured claims are not provided for under the Plan, under 11 U.S.C §1328(a), Debtor will not receive a discharge of personal liability on these claims.

| Creditor (+Last 4 Digits Of Acct No.) | Property/Collateral |
|---|---|
| Navy FCU (9817) | 4981 Ellie Lane |
| Quantum3 Group LLC as Agent For Goodleap LLC (1176) | Solar Panels at 4981 Ellie Lane |
| Pentagon FCU (3815) | 2019 Genesis G90 |

       (j)    **Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. Sections 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors upon the filing of this Plan.

| Creditor (+Last 4 Digits Of Acct No.) | Collateral/Property Description/Address |
|---|---|
| Bank of America (3606) | 2022 Ram 3500 |
| Alliance Funding Group (8619) | Writ of Garnishment served on Navy FCU |
| Sunlight Financial | Solar Panels at 5891 Elise Place |
| Bank of America | 2021 Cadillac Escalade |
| Rocket Mtg. (4247) | 5891 Elise Place |

(k)    **Secured Claims that Debtor Does Not Intend to Pay.**  Debtor does not intend to make payments to the following secured creditors.  The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors upon the filing of the Plan.  Debtor's state law contract rights and defenses are neither terminated nor abrogated.  Because theses secured claims are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims

| Creditor (+Last 4 Digits Of Acct No.) | Collateral Description/Address |
| --- | --- |

6.    **LEASES/EXECUTORY CONTRACTS.**  As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation of the Plan, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under 11 U.S.C. § 501(c), and no objection to the claim is pending.  If Plan Payments are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

(a)    **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan Under 11 U.S.C. § 1325(b)(5).**  Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows.  Under 11 U.S. C. § 1328(a)(1), if the claim of the lessor/creditor is not paid in full through the Plan, Debtor will not receive a discharge of personal liability on these claims.

| Creditor/Lessor (+Last 4 digits Of Acct No.) | Description of Leased Property | Regular Contractual Payment | Arrearage and Proposed Cure |
| --- | --- | --- | --- |

(b)    **Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by the Debtor.**  Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft.  The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.  Nothing herein is intended to terminate or abrogate Debtor's state law contract rights.  Because these leases/executory contracts are not provided for under the Plan, under 11 U.S.C § 1328(a), Debtor will not receive a discharge of personal liability on these claims.

.

| Creditor/Lessor (+ Last 4 Digits Of Acct No.) | Property/Collateral |
| --- | --- |

(c)      **Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan.

**Creditor/Lessor**                                         **Property/Collateral**
**(+ Last 4 Digits**                                        **to be Surrendered**
**of Acct No.)**

7.      **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $116,043.

D.      **GENERAL PLAN PROVISIONS:**

1.      Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2.      Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3.      If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

(a)      \_\_\_\_\_ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(b)      \_X\_\_\_ shall vest in Debtor upon confirmation of the Plan.

4.      The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claims. An allowed proof of claim will control, unless the Court orders otherwise.

5.      The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary of spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6.      Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 day of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the court, Debtor shall turn over to the Trustee all tax refunds in addition to the Plan Payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any refund without first having obtained the Trustee's consent or court approval.**

**E.**     **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

1.      Unsecured Creditors:            $58.33 (1-3)
                                                    $1,558.33 (4-8)
                                                    $1,631.51 (9-10)
                                                    $2,096.27 (11-60)

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.


I HEREBY CERTIFY that a copy hereof has been furnished electronically or by US Mail to all interested parties on the attached matrix this ___7___ day of October 2025

.

Higginbotham Law Firm
Attorneys for Debtor(s)

_____
D.C. Higginbotham, Esquire
Florida Bar #167121
Trent D. Higginbotham, Esquire
Florida Bar #0119203
5651 Colcord Ave
Jacksonville, FL 32211

DATED: ___10/7/2025___

_____
**Debtor (By D.C. Higginbotham/
Trent D. Higginbotham as Attorney in Fact**

## FOR FILING AND SIGNING CHAPTER 13 PLANS

I, __DONALD GILPIN__ and _____, hereby name and appoint my attorneys, D.C. Higginbotham and Trent D. Higginbotham, or either of them, whose business address is 925 Forest St., Jacksonville, FL 32204 to be my lawful Attorney-In-Fact to act for me and sign and file plans, amended plans and modified plans for my Chapter 13 case.

_Donald Gilpin_                    _____
Signature                          Signature

DATE: __5/3/24__                   DATE: _____


STATE OF FLORIDA

COUNTY OF __DUVAL__

      Before me the undersigned authority, personally appeared _DONALD GILPIN_

and _____ who being first duly sworn, depose(s) and say(s) that

he/she/they is the person/people named in the foregoing Power of Attorney; he/she/they has/have

read the same, know(s) the contents thereof and the same are true and correct.

SWORN TO AND SUBSCRIBED before me this

__3__ day of __MAY__, __2024__

by_____DCH_____


NOTARY PUBLIC, State of Florida

My Commission Expires:

Personally known _____, or

Produced

__FLA. DRIVER Lic.__

as identification.

DOUGLAS C. HIGGINBOTHAM
Notary Public - State of Florida
Commission # HH 077215
My Comm. Expires Jan 4, 2025
Bonded through National Notary Assn.

Label Matrix for local noticing
113A-3
Case 3:24-bk-01283-JAB
Middle District of Florida
Jacksonville
Tue Oct  7 09:52:17 EDT 2025

Alliance Funding Group
c/o Emanuel & Zwiebel, PLLC
7900 Peters Rd. Bldg B
Suite 100
Plantation, FL 33324-4045

Jacob A. Brown
Jacksonville
, FL

Donald Gilpin Jr.
5891 Elise Place
The Villages, FL 32163-5705

Navy Federal Credit Union
P.O. Box 3800
Merrifield, VA 22119-3800

Rocket Mortgage, LLC f/k/a Quicken Loans, LL
635 Woodward Avenue
Detroit, MI 48226-3408

(p)ALLIANCE FUNDING GROUP
ATTN BRIAN KNOX
18231 IRVINE BOULEVARD
TUSTIN CA 92780-3432

Alliance Funding Group
c/o Emanuel & Zwiebel, PLLC
7900 Peters Rd., Bldg. B,
Suite 100
Fort Lauderdale, FL 33324-4045

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
PO Box 981540
El Paso, TX 79998-1540

Bank of America
PO box 17237
Wilmington, DE 19850-7237

Bank of America, N.A.
PO BOX 31785
Tampa, FL 33631-3785

(p)CHANNEL PARTNERS CAPITAL  LLC
ATTN JEFF LOTHERT
1111 E COLLEGE DRIVE SUITE 200
MARSHALL MN 56258-1979

Citicards Cbna
PO Box 790040
Saint Louis, MO 63179-0040

D.C. Higginbotham
5651 Colcord Ave.
Jacksonville, FL 32211-7016

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Goodleap LLC
8781 Sierra College Blvd.
Roseville, CA 95661-5920

Insight Credit Union
480 S. Keller Rd
Orlando, FL 32810-6101

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Jpmcb-Card
PO Box 15298
Wilmington, DE 19850-5298

Kinetic Advantage, LLC
10333 N. Meridian St., Suite 400
Carmel, NJ 46290-1112

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Manheim Remarketing Inc.
c/o Steven Main, Esq.
PO Box 2311
Orlando, FL 32802-2311

Navy FCU
PO Box 3000
Merrifield, VA 22119-3000

Navy Federal CU
PO Box 3000
Merrifield, VA 22119-3000

Navy Federal Credit Union
P.O. Box 23800
Merrifield Virginia 22119-3800

Navy Federal Credit Union
P.O. Box 3000
Merrifield, VA 22119-3000

NextGear Capital, Inc.
11799 North College Avenue
Carmel, IN 46032-5605

Nextgear Capital, Inc.
c/o Bose McKinney &
Evans, LLP
111 Monument Cir., Ste 2700
Indianapolis, IN 46204-5120

| | | |
|---|---|---|
| Pentagon FCU<br>PO box 1432<br>Alexandria, VA 22313-1432 | Quantum3 Group LLC as agent for<br>GoodLeap<br>PO Box 788<br>Kirkland, WA 98083-0788 | Resurgent Receivables, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Rocket Mortgage<br>1050 Woodward Ave.<br>Detroit, MI 48226-3573 | SLSLT UNDERLYING TRUST 2020-1<br>c/o Weltman, Weinberg & Reis Co., LPA<br>5000 Bradenton Avenue, Suite 100<br>Dublin, OH 43017-3574 | Santander Consumer USA<br>PO Box 961211<br>Fort Worth, TX 76161-0211 |
| Stearns Bank N.A.<br>c/o Denius Law, PA<br>4767 New Broad St.<br>Orlando, FL 32814-6405 | Sumter County Tax Collector<br>209 North Florida Street<br>Bushnell FL 33513-6146 | Sunlight Financial LLC<br>Charlotte, NC 28246 |
| Syncb/sams Club DC<br>PO Box 965060<br>Orlando, FL 32896-5060 | Syncb/vrzn<br>PO Box 965060<br>Orlando, FL 32896-5060 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| U.S. Small Business Admin.<br>PO Box 3918<br>Portland, OR 97208-3918 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Douglas C Higginbotham +<br>Higginbotham Law Firm<br>5651 Colcord Avenue<br>Jacksonville, FL 32211-7016 |
| Geoffrey J Peters +<br>Weltman, Weinberg & Reis, Co., L.P.A.<br>5475 Rings Road<br>Suite 200<br>Dublin, OH 43017-7565 | United States Trustee - JAX 13/7 7+<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Frederic J DiSpigna +<br>Marinosci Law Group, P.C.<br>100 West Cypress Creek Road<br>Suite 1045<br>Fort Lauderdale, FL 33309-2191 |
| Steven G Powrozek +<br>LOGS Legal Group LLP<br>750 Park of Commerce Blvd.<br>Suite 130<br>Boca Raton, FL 33487-3613 | Eric B Zwiebel +<br>Eric B Zwiebel, P.A.<br>Executive Court at Jacoranda<br>7900 Peters Road, Building B, Suite 100<br>Plantation, FL 33324-4045 | Douglas W Neway +<br>Post Office Box 4308<br>Jacksonville, FL 32201-4308 |
| Teresa M Hair +<br>Brock and Scott, PLLC<br>3825 Forrestgate Dr.<br>Winston-Salem, NC 27103-2930 | John J Freeman Jr.+<br>Douglas W. Neway, Chapter 13 Trustee<br>Post Office Box 4308<br>Jacksonville, FL 32201-4308 | Elizabeth W Eckhart +<br>LOGS Legal Group LLP<br>750 Park of Commerce Blvd.<br>Suite 130<br>Boca Raton, FL 33487-3613 |

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Alliance Funding Group
17542 17th St., #200
Tustin, CA 92780

Channel Partners Capital, LLC
10900 Wayzata Blvd, Ste 300
Minnetonka, MN  55305

U.S. Bank
PO Box 790408
Saint Louis, MO 63179


(d)U.S. Bank National Association
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)BANK OF AMERICA, N.A.

(u)SLSLT Underlying Trust 2020-1

(u)Bellevie Auto Group, LLC


(u)Dwan Ashong

(d)Rocket Mortgage, LLC f/k/a Quicken Loans,
635 Woodward Avenue
Detroit , MI 48226-3408

End of Label Matrix
Mailable recipients    54
Bypassed recipients     5
Total                  59